[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14006
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-01923-WMA

DORIA W. MAY,

Plaintiff-Appellant,

versus

AT&T INTEGRATED DISABILITY,
AT&T CORPORATION,
SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 12, 2014)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Doria W. May appeals from the entry of summary judgment against her on her claim for benefits allegedly due to her under the terms of the BellSouth Short Term Disability Plan ("the Plan"). "We review de novo a district court's ruling affirming or reversing a plan administrator's ERISA benefits decision, applying the same legal standards that governed the district court's decision." Blankenship v. Metro. Life Ins. Co., 644 F.3d 1350, 1354 (11th Cir. 2011) (per curiam).

## I.

Plaintiff urges us to treat this case as an opportunity to, in her words, "further reconsider the role conflict of interest plays in evaluating denied ERISA benefits claims."[1] It is not at all clear that Plaintiff's arguments, even if accepted, would require us to alter the applicable law. In any event, Plaintiff's arguments on this point are irrelevant because she did not assert that there was a "conflict of interest" below and has not identified a cognizable "conflict of interest" on appeal. According to Defendants, a third-party claims administrator, Sedgwick, evaluates claims brought under the terms of the Plan, and benefits are paid from a trust that is funded by periodic contributions from participating companies.[2] In such

---

[1]    See generally Blankenship, 644 F.3d at 1355 (describing a "conflict of interest" as "a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious").

[2]    Plaintiff does not challenge these factual assertions.

circumstances, there is no "conflict of interest" within the meaning of Blankenship. See White v. Coca-Cola Co., 542 F.3d 848, 857–58 (11th Cir. 2008) (quoting Gilley v. Monsanto Co., 490 F.3d 848, 856 (11th Cir. 2007)) ("'Our circuit law is clear that no conflict of interest exists where benefits are paid from a trust that is funded through periodic contributions so that the provider incurs no immediate expense as a result of paying benefits.'").[3]

## II.

Sometime in 2011, Plaintiff applied for Social Security disability benefits. The Social Security Administration ("SSA") initially denied Plaintiff's claim. Plaintiff appealed.  The SSA subsequently reversed course by granting Plaintiff's claim while the district court proceedings in this case were pending below.  On appeal, Plaintiff argues that she is entitled to a remand so that Sedgwick can decide her claim based on a more "complete administrative record" that includes the evidence presented to the SSA.  See Melech v. Life Ins. Co. of N. Am., 739 F.3d 663, 676 (11th Cir. 2014).  We disagree.

Plaintiff has not persuaded us that this case involves the kind of "procedural unfairness" that was present in Melech.  Id.  In Melech, the terms of the disability insurance policy required participants to apply for Social Security Disability

---

[3]    We note that White was decided several months after Metropolitan Life Insurance Co. v. Glenn, 554 U.S. 105, 128 S. Ct. 2343 (2008).

Insurance ("SSDI"), and the administrator was allowed to reduce participants' benefits under the policy by the amount of any SSDI received. Id. at 666. If the administrator decided to pay a claim before the SSA had reached a final decision, the administrator was allowed to assist the claimant in obtaining SSDI, to force the claimant to exhaust her administrative appeals, and to hold the claim open until the SSA had reached a final decision. Id. at 668. The administrator in Melech, however, decided not to pay the plaintiff's claim, and once the administrator had made that decision—i.e., "once it no longer had a financial stake in the outcome"—it ignored the plaintiff's SSDI application and the evidence generated by the SSA process. Id. at 674. We described this as "internally inconsistent with [the administrator's] mode of evaluating claims" and ordered the district court to remand the case to the administrator. Id. at 674, 676.

In the present case, by contrast, the terms of the Plan do not require participants to apply for Social Security disability benefits and do not reduce Plan benefits by any amount received from the SSA. Plaintiff has not persuaded us that it was "internally inconsistent" for Sedgwick to decide her claims without waiting for a final decision from the SSA. Plaintiff, moreover, does not explain why any additional evidence that she submitted or obtained as part of the SSA process was not and could not have been submitted to Sedgwick before it decided her claims.

III.

4

Plaintiff argues that Sedgwick's decisions on her claims were "arbitrary and capricious."[4]  Blankenship, 644 F.3d at 1355.  When there is no conflict of interest, an administrator's benefits decision is not "arbitrary and capricious" if it has a "reasonable basis" in the material available to the administrator at the time of the decision.  See id. at 1354.

Plaintiff asserts that Sedgwick "completely disregarded" certain statements from her treating physicians.  She has not persuaded us that that is a fair characterization of Sedgwick's evaluation process in this case.  For example, on Plaintiff's request, Sedgwick put its initial denial of her claims through two levels of internal review.  At each level, Sedgwick had Plaintiff's file reviewed by independent medical personnel.  Each reviewing physician agreed that Plaintiff's file did not support the conclusion that she was disabled during the time period or periods in question.

Plaintiff suggests that if Sedgwick was dissatisfied with the evidence that she provided, it was required to request insurer-sponsored medical examinations or otherwise seek additional evidence.  We are not persuaded under the circumstances of this case.  Cf. Melech, 739 F.3d at 673 (stating that, in that case, ERISA did not

---

[4]    The parties agree that Sedgwick was "vested with discretion in reviewing claims" so that the "arbitrary and capricious" standard of review applies.  See Blankenship, 644 F.3d at 1355.

require the administrator to "ferret out evidence" that was in the plaintiff's

possession).[5]

    **AFFIRMED.**

---

[5]    For the first time on appeal, Plaintiff argues that she had a personal right to trial on the merits of her claims pursuant to Article III of the United States Constitution.  We decline to consider this argument raised for the first time on appeal.  See Ramirez v. Sec'y, U.S. Dep't of Transp., 686 F.3d 1239, 1249–50 (11th Cir. 2012).  Any other arguments not addressed in this opinion are rejected without the need for further discussion.